# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED, CDCR #AE-9821, <br><br>　　　　　　　　　　Plaintiff, <br><br>　　vs. <br><br>GAVIN NEWSOM, SAL URIBE, ALONDRA RUIZ, PAULETTE NANDER, M.D., C. HUGHES, CHRIS CORNELL, HAROLD TATE, M.D., E. ZENDAJAS, DANIEL PARAMO, MEGAN KEENER, EVERETT BENYARD, PATRICK COVELLO, MARCUS POLLARD, G. HERNANDEZ, A. GARCIA, A. LAROCCO, F. ARMENTA, J. LUNA, RENALDO ANGELES, A. GARVEY, <br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-2439-AJB-MDD <br><br>**ORDER: 1) GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS [ECF Nos. 3, 5]** <br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)** <br><br>**3) DENYING MOTION TO TRANSFER BACK TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA [ECF No. 13]** |

Mychal Andra Reed ("Plaintiff"), incarcerated at R.J. Donavan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case with a civil rights Complaint ("Compl.") filed pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No.

/ / /

1.)¹ Plaintiff has also filed two Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) along with a copy of his prison trust account statement. (*See* ECF Nos. 3 & 5.) On March 1, 2021, Plaintiff filed a "Motion to Transfer Case Back to Northern District." (ECF No. 13.)

## I. Motion to Proceed IFP

All parties instituting a civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.² *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

---

¹ The Complaint was originally filed in the United States District Court for the Northern District of California on November 11, 2020. (ECF No. 1.) On December 10, 2020, the District Court for the Northern District of California concluded venue was more appropriate in the Southern District of California and ordered the case transferred to this Court. (*See* ECF No. 7.)

² The filing fee associated with civil actions was raised to $402 on December 1, 2020. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). Because the Complaint was filed on November 11, 2020, the filing fee in this case is $400. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The $400 filing fee includes the $350 statutory fee plus an administrative fee, which was $50 at the time of filing. *Id.* The administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85.

In support of his IFP Motions, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at RJD. (*See* ECF No. 5-2 at 1–6); *see also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff had no available balance at the time of filing. (*See* ECF No. 5-2 at 1, 3.) Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Nos. 3, 5), declines to exact any initial filing fee because his prison certificates indicate he may have "no means to pay it," *Bruce*, 577 U.S. at 85, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or her designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)**

   A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint, including Plaintiff's Declaration. *See* Fed. R. Civ. R. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

B. Plaintiff's Allegations

In his Complaint and accompanying Declaration, Plaintiff raises a host of allegations starting with Plaintiff's initial incarceration in 2010 and continuing through 2020. (*See* Compl., ECF No. 1; *see also* Pla.'s Decl., ECF No. 1-4.) Plaintiff lists some twenty defendants, including the governor of California, wardens (or past wardens) and correctional officers from several different prisons within CDCR. (Compl., ECF No. 1 at 2.)

Plaintiff's allegations include incidents which occurred at RJD, California State Prison, Los Angeles County ("LAC"), California Correctional Institution ("CCI"), Pelican Bay State Prison ("PBSP"), Kern Valley State Prison ("KVSP"), California Substance Abuse Treatment Facility ("SATF") and Corcoran State Prison ("COR"). (*See* Pla.'s Decl., ECF No. 1-4 at 2, 4, 11, 15, 18–20, 23.) Plaintiff's Declaration details claims "pertaining to [his] almost 10 years['] experience in the custody of the California Department of Corrections and Rehabilitation (CDCR) prison system." (*Id.* at 1.) He alleges that during this ten-year time period, his First, Fifth, Eighth and Fourteenth Amendment rights were violated, along with his rights under the Americans with Disabilities Act. (Compl., ECF No. 1 at 3.)

C. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under section 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

D. Rule 8

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply

with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Factual allegations must be "enough to raise a right to relief above the speculative level." *Id.* A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Here, Plaintiff's Complaint and accompanying Declaration total 46 pages. (*See* ECF Nos. 1 & 1-4.) As discussed above, Plaintiff lists twenty defendants from different CDCR facilities and includes factual allegations beginning in 2010 and continuing through 2020. (*See id.*) The allegations contained in the Complaint and Declaration are extraordinarily broad and appear to touch upon numerous instances Plaintiff found objectionable while incarcerated in CDCR facilities over the past ten years. He describes incidents that occurred at seven different prisons, including RJD, LAC, CCI, PBSP, KVSP, SATF and COR. (*See generally,* Pla's Decl., ECF No. 1-4.) Plaintiff generally alleges violations of his First, Fifth, Eighth and Fourteenth Amendments as well as the Americans with Disabilities Act (Compl., ECF No. 1 at 3), but fails to clearly tie any of his factual allegations to specific legal claims.[3] Furthermore, Plaintiff does not directly link some individual defendants (some of whom are not mentioned in his statement of facts) to his claims. And the allegations in the Complaint are so lengthy and detailed that

---

[3] Some of the named Defendants are supervisory officials, against whom liability appears to be alleged solely in their respondent superior capacity, which is improper. There is no respondeat superior liability under section 1983. *Taylor v. Lis*t, 880 F.2d 1040, 1045 (9th Cir. 1989).

the Court cannot readily determine all of the injuries for which each of the twenty defendants is allegedly liable. Even when Plaintiff's claims are liberally construed, he has failed to provide a simple, concise, narrative that sets forth all of the injuries attributed to each individual defendant. Fed. R. Civ. P. 8(a).

Therefore, because Plaintiff has failed to provide adequate information for the Court to determine whether the allegations in the Complaint state cognizable claims for relief with respect to each of the twenty defendants, the Complaint must be dismissed. *See Cafasso v. Gen'l Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("'While the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was . . . highly repetitious, or confused, or consisted of incomprehensible rambling.'") (quoting 5 Wright & Miller, Fed. Prac. & Proc., § 1217 (3d ed. & Supp. Aug. 2019)); *see also Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008) ("[I]t is not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading.") (citation omitted); *Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of pro se complaint "contain[ing] a confusing array of vague and undeveloped allegations," and which "did not allege sufficient facts or jurisdictional basis for any federal claim for relief.").

### E. Misjoinder

In addition, the Count notes the Complaint includes claims that are improperly joined. A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Rule 20(a)(2) allows joinder of defendants only if the following two requirements are met: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2)(A)–(B); *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). "Unrelated claims involving different defendants belong in different suits." *What v. Honolulu Police Dep't*, 2014 WL 176610, at *4–5 (D. Haw. Jan. 13, 2014); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). As such, claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id*. The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

Here, the complaint contains claims against Defendants that are not properly joined under Rule 20(a). Specifically, Plaintiff's claims against the twenty defendants cover a broad array of different incidents by different individuals taking place at several different institutions over the course of approximately ten years. Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him over ten-year period that he finds objectionable. *See* Fed. R. Civ. P. 20(a); *Rush*, 779 F.3d at 974.

F.    <u>Statute of Limitations</u>

Federal courts apply the forum state's statute of limitations for personal injury actions. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The limitations period in California for such actions is two years, *id*. (citing Cal. Civ. Proc. Code § 335.1), and is tolled for two years for inmates serving less than a life sentence. Cal. Civ. Proc. Code

§ 352.1; *see also Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Id.* at 388; *Hardin*, 490 U.S. at 543–44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In his Complaint, Plaintiff raises numerous factual allegations which appear to fall far outside California's two-year statute of limitations, even including all presumed periods of tolling provided by statute. *See Wallace*, 591 U.S. at 391; *Maldonado*, 370 F.3d at 955; Cal. Code Civ. Proc. § 335.1.

### G. Claims Involving Incidents at RJD

Many of Plaintiff's factual allegations relate to incidents which allegedly occurred while Plaintiff was housed at RJD. Plaintiff also names several staff members of RJD as Defendants. Some of these claims appear to be duplicative of claims raised in a case currently pending before this Court in Case No. 3:18-cv-0361-JLS-DEB. In that case, Plaintiff is pursuing claims related to Rules Violation Reports that he received while at RJD, which he alleges were improper. Plaintiff is cautioned that any amended complaint filed in this Court that duplicates pending or previously litigated claims, including those pending in *Reed v. Paramo, et al.*, Case No. 3:18-cv-0361-JLS-DEB, will be subject to dismissal under 28 U.S.C. § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (stating that district courts may dismiss a complaint under § 1915(d) "that

///

merely repeats pending or previously litigated claims") (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).

### H. Relief Sought

Finally, Plaintiff appears, a least in part, to be seeking relief that is unavailable under 42 U.S.C. § 1983. In his Complaint, Plaintiff requests the Court "adjudicate and/or order his immediate release from state (CDCF) custody due to 'habitual' and 'extensive' violations of his United State Constitutional rights he has been subjected to which were not mandated by his trial court." (Compl., ECF No. 1 at 3.) Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). A civil rights complaint seeking habeas relief should be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Insofar as Plaintiff seeks to be released from state custody because of an invalid state court conviction or sentence, he is seeking habeas relief. *See* 28 U.S.C. § 2254(a).

### I. Leave to Amend

In sum, even when Plaintiff's claims are liberally construed, he has failed to provide adequate information for the Court to determine whether the allegations in the Complaint state cognizable claims for relief with respect to each of the twenty defendants. Plaintiff also has failed to provide a simple, concise, narrative that sets forth all of the injuries attributed to each individual defendant. *See* Fed. R. Civ. P. 8(a). Furthermore, Plaintiff has failed to allege that they meet proper joinder requirements. Fed. R. Civ. P. 20(a). Because Plaintiff has joined unrelated claims from myriad alleged incidents at different prisons against different defendants, the Complaint must be dismissed. Accordingly, Plaintiff will be given leave to file an amended complaint in which he clearly links each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible.

///

In filing his amended complaint, Plaintiff must provide sufficient information to give the defendants fair notice of the nature of the claims against them. Plaintiff need not, however, provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. If Plaintiff chooses to amend the complaint, he may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If Plaintiff has more than one claim against the same defendant based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). As discussed above, unrelated claims against different defendants must be pursued in separate lawsuits.

In addition, Plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. *See, e.g., West*, 487 U.S. at 48. The amended complaint must allege in specific terms how each named defendant is involved. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Id.*; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The amended complaint must be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Finally, in his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named. *See* Fed. R. Civ. P. 20(a). He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his amended complaint, they will be dismissed.

///

## III. Motion to Transfer

Finally, Plaintiff has filed a "Motion to Transfer Back to the Northern District Court," in which Plaintiff asks that this case, which was transferred to this Court by the United States District Court for the Northern District of California, be transferred back to that same court. (ECF No. 13.) Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, while Plaintiff's Complaint does include allegations arising from an incident at PBSP, located in the Northern District of California, Plaintiff's remaining allegations stem from incidents alleged to have happened in prisons located in the Eastern District of California (CCI, KVSP, SATF, and COR), the Central District of California (LAC) and the Southern District of California (RJD). Because the Complaint must be dismissed under Rule 8 and for the reasons discussed above, the Court **DENIES** Plaintiff's request for transfer.[4]

---

[4] As discussed above, the Complaint is dismissed is without prejudice. Thus, if Plaintiff seeks to pursue those claims which arose in the Northern District of California and/or are against Defendants who reside there, he may file a complaint that complies with the Federal Rules of Civil Procedure in that court. *See* 28 U.S.C. § 84(a). Likewise, if Plaintiff seeks to pursue claims which arose in the Eastern or Central Districts of California and/or against defendants who

12

3:20-cv-2439-AJB-MDD

## IV. Conclusion and Orders

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 2, 4.)

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of Court to serve a copy of this Order by mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4. **DISMISSES** this civil action sua sponte based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. **DENIES** Plaintiff's "Motion to Transfer Case Back to Northern District" (ECF No. 13.)

6. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted above. The Amended Complaint must be complete by itself without reference to his

---

reside there, he should pursue those claims in the proper court. *See* 28 U.S.C. §§ 84(b) & (c). To the extent Plaintiff alleges events or omissions giving rise to claims which occurred at RJD (which is located in San Diego County) and/or were committed by defendants who reside in San Diego or Imperial Counties, he may pursue them in this Court by filing an amended complaint in this case. *See* 28 U.S.C. § 84(d) ("The Southern District comprises the counties of Imperial and San Diego.").

13

3:20-cv-2439-AJB-MDD

original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: June 25, 2021

Hon. Anthony J. Battaglia
United States District Judge