# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED, CDCR #AE-9821,<br><br>                           Plaintiff,<br><br>     vs.<br><br>GAVIN NEWSOM, SAL URIBE, ALONDRA RUIZ, PAULETTE NANDER, M.D., et al.,<br><br>                         Defendants. | Case No.: 3:20-cv-2439-AJB-MDD<br><br>**ORDER DENYING MOTION TO DISMISS COMPLAINT AND EXPUNGE FILING FEE**<br>**[ECF No. 16]** |

On November 11, 2020, Mychal Andra Reed ("Plaintiff"), incarcerated at R.J. Donavan Correctional Facility ("RJD") in San Diego, California and proceeding pro se, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of California. (*See* Compl., ECF No. 1.) Plaintiff also filed two Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) along with a copy of his prison trust account statement. (*See* ECF Nos. 3 & 5.) On December 10, 2020, the District Court for the Northern District of California concluded venue was more appropriate in the Southern District of California and ordered the case transferred to this Court. (*See* ECF No. 7.) On March 1, 2021, Plaintiff filed a "Motion to Transfer Case Back to Northern District." (ECF No. 13.)

On June 25, 2021, this Court granted Plaintiff's Motion to Proceed In Forma Pauperis, dismissed his Complaint without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and § 1915A and denied Plaintiff's Motion to Transfer. (ECF No. 14.) Plaintiff has now filed a "Motion to Dismiss Complaint and Expunge Filing Fee." (ECF No. 16.)

# I. Motion to Expunge Filing Fee

In his motion, Plaintiff request the Court "expunge" his filing fee. (*Id.* at 1–2.) When the Court granted Plaintiff's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(b)(1), no initial partial filing fee was assessed because Plaintiff had no funds in his prison trust account. However, Plaintiff was expressly advised that as a prisoner bringing a civil action in forma pauperis, he was "required to pay the full amount of a filing fee," albeit in installments as available pursuant to the formula provided by 28 U.S.C. § 1915(b)(2), and regardless of outcome. (*See* ECF No. 14 at 3 (citing 28 U.S.C. § 1915(b)(1) & 2; *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).)

"Reacting to 'a sharp rise in prisoner litigation,' *Woodford v. Ngo*, 548 U.S. 81, 84 (2006), Congress in 1996 enacted the PLRA, which installed a variety of measures 'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good,' *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007) (alteration in original)." *Bruce v. Samuels*, 577 U.S. 82, 85 (2016). "Among those measures, Congress required prisoners to pay filing fees for the suits or appeals they launch." *Id*. "The provisions on fee payment, set forth in 1915(b), read:

> (1) . . . [I]f a prisoner brings a civil action or files an appeal in forma pauperis, *the prisoner shall be required to pay the full amount of a filing fee*. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

/ / /

/ / /

/ / /

    (A) the average monthly deposits to the prisoner's account; or

    (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

  (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id*. at 85–86 (citing 28 U.S.C. § 1915(b)(1), (2) (emphasis added)). "The monthly installment scheme described in § 1915(b)(2) also applies to costs awarded against prisoners when they are judgment losers." *Bruce*, 577 U.S. at 86. (citing § 1915(f)(2)(B)).

  Thus, § 1915 no longer provides any authority for courts to waive full payment of the filing fee required by § 1915(b)(1), or return any portion of the filing fee he has already paid, after the civil action has been consolidated, settled, or dismissed for any reason. *See e.g., Johnson v. Darr*, No. 3:10-CV-2334-WQH-POR, 2018 WL 5246597, at *2 (S.D. Cal. Oct. 22, 2018); *Avery v. Paramo*, No. 3:13-CV-2261-BTM-DHB, 2015 WL 5228034, at *3 (S.D. Cal. Sept. 8, 2015); *Wilson v. Calif. Dep't of Corrs.*, No. 3:13-CV-1455-BTM-JLB (S.D. Cal. Oct. 30, 2014); *Adams v. Maricopa Cty. Sheriff's Office*, 10-CV-1558-PHX-RCB, 2010 WL 4269528 at *1–2 (D. Ariz. Oct. 25, 2010) (denying prisoner's motion to stop withdrawal of trust account funds pursuant to § 1915(b) and noting that "[t]he decision to file and prosecute this case was made by Plaintiff before he filed [his] case. Having filed [it], [he] and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915.").

  Plaintiff argues he is entitled to have his fee "expunged" because the case was improperly transferred to this Court from the United States District Court for the Northern District of California. (*See* ECF No. 16 at 1–2.) As discussed in this Court's previous Order, venue may be raised by a court sua sponte where the defendant has not

yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, while Plaintiff's Complaint does include some allegations pertaining to an incident at Pelican Bay State Prison, located in the Northern District of California, none of the individuals described in the incident are named as Defendants. Plaintiff's remaining allegations stem from incidents alleged to have happened in prisons located in the Eastern District of California, the Central District of California, and the Southern District of California. The transfer of the case to this Court was not improper because the bulk of Plaintiff's allegations relate to incidents which took place at RJD, located in the Southern District of California. (*See* ECF No. 1-4 at 23–39.) Moreover, even if the case had not been transferred to this Court, Plaintiff's IFP would still have been granted and Plaintiff's trust account funds garnished. *See Bruce*, 577 U.S. at 86.

Finally, Plaintiff asks the Court to "dismiss" his Complaint so that it can refund his filing fee. (ECF No. 16 at 3.) But Plaintiff's Complaint has already been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (*See* ECF No. 14.)[1] And, to the extent Plaintiff seeks voluntary dismissal under Federal Rule of Civil

---

[1] Plaintiff was granted leave to file an amended complaint but he has not yet timely complied with the Court's June 25, 2021 Order. (*See* ECF No. 14 at 13–14),

Procedure 41(a), the court nevertheless lacks the authority to refund a filing fee. *See Green v. Bank of Am.*, No. 2:12-CV-02093-GEB, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (collecting cases); *see also Thompson v. San Jose Police Dep't*, Case No. 05-CV-2195 JF-PVT, 2006 WL 1141324, at *1 (N.D. Cal. May 1, 2006) (refusing to grant refund of filing fee after pro se plaintiff voluntarily dismissed action under Rule 41(a)); *Grindling v. Martone*, Case No. 12-CV-00361-LEK-BMK, 2012 WL 4502954, at * 1-2 (D. Haw. Sept. 28, 2012) (refusing to refund filing fee where pro se prisoner voluntarily dismissed case); *Killian v. Panetta*, Case No. 12-CV-828-JLS-DHB, 2013 WL 41138399, at *3 (S.D. Cal. Aug. 13, 2013) (refusing to refund appellate filing fee to pro se plaintiff where Ninth Circuit dismissed appeal before briefing filed); *Goins v. Decaro*, 241 F.3d 260, 261 (2nd Cir. 2001) (concluding fee-paying litigants have no opportunity to obtain a refund of their filing fees in the event they withdraw their appeals).

## II. Conclusion and Order

For the reasons discussed above, Plaintiff's "Motion to Dismiss Complaint and Expunge Filing Fee" is **DENIED**. (ECF No. 16.)

**IT IS SO ORDERED**.

Dated: August 4, 2021

Hon. Anthony J. Battaglia
United States District Judge